UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROUTMAN SANDERS LLP,

    Appellant,

v.                                                                                          Case No: 8:14-cv-2223-T-36

BETH ANN SCHARRER,

    Appellee.
_____

LEONARD GRUNSTEIN,

    Appellant,

v.                                                                                         Case No: 8:14-cv-2224-T-36

BETH ANN SCHARRER,

    Appellee.
_____

**O R D E R**

        This cause comes before the Court upon Appellants Troutman Sanders LLP ("Troutman") and Leonard Grunstein's appeal (Doc. 1-1) of the Bankruptcy Court's Order (Doc. 1-2) granting Appellee/Trustee Beth Ann Scharrer's ("Scharrer" or "Trustee") Motion to Amend Order and Memorandum Opinion on Trustee's Motion to Enlarge Time Period to Bring Avoidance and Other Actions ("Motion to Amend") (Doc. 1-146). Troutman filed a brief in support of its appeal (Doc. 16) ("Brief in Support"), Scharrer submitted an answer brief in opposition to the appeal (Doc. 21) ("Brief in Opposition"), and Troutman filed a reply to that brief (Doc. 25) ("Reply Brief"). Scharrer also filed a Motion to Dismiss Appeal for Lack of Standing (Doc. 28) on March 11, 2015, which Troutman responded to on March 30, 2015 (Doc. 29). Grunstein joined in each of Troutman's

filings. On April 2, 2015, this Court held oral argument on the appeal and the motion to dismiss. *See* Docs. 32-33. Upon due consideration of the record, the briefs, and the oral argument, the Court has determined that this appeal should be dismissed for lack of jurisdiction.

I.   **Background**

On December 5, 2011, an Involuntary Petition pursuant to Chapter 7 of the Bankruptcy Code was filed against the Debtor (the "Petition Date"). *See* Doc. 1-7. On January 12, 2012, the Court entered its Order for Relief (Doc. 1-8), and Scharrer was appointed Chapter 7 Trustee on January 23, 2012 (*see* Doc. 1-9).

In July 2012, the Bankruptcy Court entered an Omnibus Order Establishing Discovery Procedures (Doc. 1-29) to govern the Trustee's investigation (the "Omnibus Discovery Order"). Pursuant thereto, the Bankruptcy Court authorized the Trustee to examine eleven third parties regarding: (i) the Debtor's assets, liabilities, and business; (ii) control of the Debtor's assets and operations; (iii) potential Chapter 5 causes of action; (iv) the interrelationship with other business entities; and (v) the potential need to include other business entities or assets in the Debtor's bankruptcy estate. Discovery was protracted due to numerous objections and discovery motions. Thus, in a Second Omnibus Discovery Order the Bankruptcy Court extended the discovery cut-off date to March 14, 2014.

On October 18, 2013, the Trustee filed a Motion to Extend Deadline to Pursue Avoidance and Other Actions. The Trustee recognized that under 11 U.S.C. § 546, she had to commence any and all avoidance actions under Chapter 5 of the Bankruptcy Code within two years of entry of the Order for Relief (by January 11, 2014). She also recognized that under 11 U.S.C. § 108, she had to commence any of the Debtor's state law causes of action before the later of (i) the end of the state law limitations period, or (ii) two years after the Order for Relief (by January 11, 2014).

The Trustee asked the Bankruptcy Court to extend the section 546 and 108 limitations periods to December 31, 2014.

The Bankruptcy Court granted the motion in part and ordered that "[t]he two-year limitations periods in Bankruptcy Code §§ 108 and 546 are hereby enlarged to April 13, 2014 (which is thirty days after the close of discovery in the recently filed adversary proceedings under the omnibus discovery order)." The Bankruptcy Court further ordered that "[i]n the event the discovery cut-off date in the adversary proceedings is extended under the omnibus discovery order, the Court will consider additional enlargements of the two-year limitations periods under §§ 108 and 546."

The discovery period was, in fact, extended (to May 2, 2014) but the Trustee neglected to move for an extension of the April 13th deadline prior to its expiration. *See* Doc. 1-146. On April 16, 2014, the Trustee's belated motion sought an extension of the April 13th deadline to June 2nd. *Id.* The hearing on this motion was set for June 24, 2014. On June 2, 2014, the Trustee filed an adversary proceeding against Appellants ("the June Adversary Hearing"). Following the June 24th hearing, the Bankruptcy Court granted the requested extension, which meant that the June Adversary Proceeding was timely filed. The Bankruptcy Court found that the late-filing of the motion for extension was excusable neglect and that a retroactive extension of the deadlines under Bankruptcy Code §§ 108 and 546 was appropriate. *See* Doc. 1-2. Troutman Sanders appeals this order arguing that the Bankruptcy Court was without authority to extend the § 108 deadline after it expired. *See* Doc. 1-1; Doc. 16.

**II.    Standard of Review**

The district court functions as an appellate court in reviewing decisions of the bankruptcy court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). Legal conclusions of the

bankruptcy court are reviewed *de novo*. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). Findings of fact are reviewed for clear error. *Id*. "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007) (internal citations and quotations omitted).

### III. Discussion

Before proceeding to the merits of the appeal, this Court must determine whether it has jurisdiction to do so. Appellants bear the burden to establish jurisdiction. *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). In its brief, Troutman summarily asserts that this Court has jurisdiction either as "an appeal from a final order" pursuant to 18 U.S.C. §158(a)(1), or under the "collateral order doctrine" which is set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541 (1949). Scharrer, however, argues that this Court does not have jurisdiction under either of these theories.

#### A.  Section 158(a)

A district court may exercise jurisdiction over a bankruptcy court appeal pursuant to 28 U.S.C. §158(a), which provides, in pertinent part, "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees; . . . and with leave of the court, from other interlocutory orders and decrees."

"[A] final judgment or order is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Celotex Corp.,* 700 F.3d 1262, 1265 (11th Cir. 2012) (internal quotation marks and citations omitted). "To be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as

to the proper relief." *Id.* (citations omitted). The bankruptcy court "must have resolved the litigation, decided the merits, determined the rights of the parties, settled liability, or established damages." *In re American Cabinets & Woodcrafting Corp.,* 159 B.R. 969, 970-71 (M.D. Fla. 1993). By contrast, an interlocutory order is one that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *In re Engler,* 2014 WL 1203000, at *2 (M.D. Fla. 2014) (citations omitted); *see also American Cabinets,* 159 B.R. at 971 ("[A]n order is not final if it only disposes of an incidental procedural issue during the bankruptcy proceedings.").

Troutman correctly notes that finality is given a more flexible interpretation in the bankruptcy context because a bankruptcy case is an aggregation of controversies and suits. *See Aurelius Capital Master, Ltd. v. Tousa Inc.,* 2009 WL 6453077, *11 (S.D. Fla. Feb. 6, 2009). Still, to be final, a bankruptcy court order must "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (quoting *In re Atlas,* 210 F.3d 1305, 1308 (11th Cir. 2000)). *See also Tracey v. United States (In re Tracey),* 394 B.R. 635, 638 (B.A.P. 1st Cir. 2008). Moreover, "an order that is final with regard to a particular issue, but does not end the litigation on the merits, is not a final order … and is not immediately appealable." *In re Sunstate Dairy,* 1992 WL 161138, *1 (M.D. Fla. June 29, 1992). Orders extending deadlines, like the one at issue here, are generally considered interlocutory orders. *See, e.g., Charter Company v. Petroleos Mexicanos (In re Charter Co.),* 76 B.R. 191 (M.D. Fla. 1987), *Aucoin v. Southern Ins. Facilities Liquidating Corp. (In re Aucoin)*, 35 F.3d 167 (5th Cir. 1994); *White v Univision of Va. Inc. (In re Urban Broad. Corp.),* 401 F.3d 236 (4th Cir. 2005); *Bullard v. Blue Hills Bank,* Case No. 14–116, 2015 WL 1959040, 7 (U.S. May 4,

2015) ("The concept of finality cannot stretch to cover, for example, an order resolving a disputed request for an extension of time.").

The Order at issue here does not end the disputes between the Trustee and the Appellants, as is evident by the fact that the adversary proceeding is ongoing and the statute of limitations is being litigated there. Troutman argued that at least one of the Trustee's claims—for negligence—may be barred if the Section 108 tolling period had not been extended. But the Order Granting Motion to Amend did not conclusively resolve this dispute because whether a statute of limitations applies is still an issue the Bankruptcy Court must decide in the June Adversary Proceeding. And with regard to the remainder of the Trustee's fraud-based claims, Troutman argued that the limitations periods expired prior to the Petition Date. If that is the case, then the Order Granting Motion to Amend is irrelevant because Section 108 only extends limitations periods that would expire after the Petition Date. The Bankruptcy Court must decide, in the context of the June Adversary Proceeding, whether a statute of limitations applies to the Trustee's fraud-based claims, and whether such limitations periods were tolled. Ultimately, if the Bankruptcy Court dismisses the Trustee's causes of action, or otherwise enters a judgment in favor of the Appellants, the extension of the Section 108 tolling period may be moot. However, if the extension does become an issue that affects the June Adversary Proceeding, Appellants can then appeal the merits decision and the Order Granting Motion to Amend. Troutman conceded as much at oral argument, but argued that waiting until the end of the adversary proceeding would be inconvenient. Such inconvenience does not render the Order below "final" for purposes of appeal.

### B. The Collateral Order Doctrine

Troutman next argues that the Order is appealable under the collateral order doctrine. The collateral order doctrine "narrowly excepts from the final judgment rule a small class of

interlocutory orders that are confined to trial orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *In re Celotex Corp.,* 2010 WL 2367116, at *4 (M.D. Fla. 2010) (internal quotations omitted). The Supreme Court has emphasized that the collateral order doctrine is narrow. *Royalty Network, Inc. v. Harris,* 756 F.3d 1351, 1355 (11th Cir. 2014) (citing *Will v. Hallock,* 546 U.S. 345, 349–50 (2006)).

As previously discussed, Troutman has conceded that the Order Granting Motion to Amend may be appealed at the conclusion of the case, and the statute of limitations issue is currently being litigated in the June Adversary Proceeding. Accordingly, there are no rights that will be "irretrievably lost in the absence of an immediate appeal." Therefore, the collateral order doctrine does not apply here.

## IV.   Conclusion

The Bankruptcy Court's Order Granting Motion to Amend is neither a final order nor does it fit within the "small class" of orders to which the collateral order doctrine applies. *Mohawk Industries, Inc. v. Carpenter,* U.S. 100, 106 (2009). Accordingly, this Court does not have jurisdiction to hear this appeal and it is hereby

**ORDERED AND ADJUDGED**:

1. This appeal is DISMISSED for lack of jurisdiction.

2. Defendant's Motion to Dismiss Appeal for Lack of Standing (Doc. 28) is DENIED as moot.

3. The Clerk is directed to terminate all deadlines and close this file.

**DONE AND ORDERED** in Tampa, Florida on May 27, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any